Receipt Number
556332

9.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IDFA, L.L.C. f/k/a ICDP, LLC, a Michigan
Limited Liability Company, and FADI
K. BARADIHI, a Michigan Resident
    Plaintiff,

vs.

CAROL ANN WILSON, a Colorado
Resident,

    Defendant.

Case: 2:07-cv-11622
Assigned To: Taylor, Anna Diggs
Referral Judge: Morgan, Virginia M
Filed: 04-10-2007 At 02:34 PM
CMP IDFA VS WILSON (LE)

_____/

DAVID J. SHEA (P41399)
ANDREW J. THOMAS (P67948)
Shea Law Firm, PLLC
Attorney for Plaintiff
24901 Northwestern Hwy., Suite 715
Southfield, MI 48075
(248) 354-0224

_____/

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Plaintiffs, IDFA, L.L.C. and FADI K. BARADIHI, by and through their attorneys, SHEA LAW FIRM, PLLC, and for their Complaint state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of the claims herein and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

2. Plaintiff, IDFA, LLC, formerly known as ICDP, LLC (hereinafter "IDFA"), is a Michigan Limited Liability Company in good standing with its principal place of business located in the City of Southfield, County of Oakland, State of Michigan.

3. Plaintiff, FADI K. BARADIHI ("Baradihi"), is a resident of the City of Midland, State of Michigan, and, at all pertinent times hereto, did business in the City of Southfield, County of Oakland, State of Michigan as President of IDFA.

4. Defendant, CAROL ANN WILSON ("Wilson"), is a resident of the City of Boulder, State of Colorado, and, at all pertinent times hereto, did business in the City of Southfield, County of Oakland, State of Michigan as an employee of IDFA f/k/a ICDP.

5. All or part of this cause of action accrued in the City of Southfield, County of Oakland, State of Michigan, and Defendant has previously consented to the venue and jurisdiction of this Court by filing and litigating the matter Carol Ann Wilson, et. al. vs. ICDP, LLC, et. al., Case #02-72274, before the Honorable Gerald E. Rosen.

## COUNT I – REQUEST FOR DECLARATORY RELIEF

6. Plaintiffs repeat and reallege each of the foregoing allegations with the same force and effect as if fully set forth herein.

7. Divorce Planning is a booming field of specialty in North America. A divorce planner is customarily an individual with a financial background (such as a financial planner or CPA) who can provide clients undergoing a divorce with advice on the value of the marital estate and proposed asset splits by the parties.

8. In approximately 1993, Carol Ann Wilson ("Wilson") began the Institute for Certified Divorce Planners, Inc. ("The Institute") as the company's sole shareholder.

9. The Institute designed, developed, marketed, and provided educational services to professionals in the areas of divorce, divorce settlements, and divorce planning. Upon successful completion of an intensive training course, enrollees earned the designation of "CDP".

10. In October of 1998, the assets of the Institute for Divorce Planners, Inc. were purchased by IDFA, which, at that time, operated as ICDP, LLC.

11. At the time of the Asset Purchase, Wilson had authored a book published by "ICDP Publishing" entitled *Survival Manual for Women in Divorce*.

12. The parties to the Asset Purchase Agreement presumed, contemplated and expressed the rights to the book were included among the assets purchased by ICDP.

13. More importantly, as a condition of the purchase, Wilson agreed to enter into an employment agreement with ICDP. The relevant terms of the agreement were, in part, the following:

   a. Paragraph 8: <u>INTELLECTUAL PROPERTY</u>. ...Employee shall forthwith disclose in writing such discoveries or inventions to the Company but to no other person and shall forthwith assign to the Company full and exclusive rights to any such discovery or invention *and to any trademark, copyright or patent. Employee, upon request of the Company, shall forthwith execute all documents necessary or advisable in the opinion of the Company to direct the issuance of trademarks, copyrights or patents to the Company or to vest title in the Company to such inventions or discoveries...*

   b. Paragraph 10(c): BOOK AND PRODUCT SALES. Subject to the provisions of Paragraph 10(d) below, Employee may continue sales of books, videos, and audio tapes that are in existence as of the date this Agreement is executed, and the Company will not seek payment of amounts generated from such sales. Should Employee desire to write, copyright and publish new books during the term of this agreement, Employee must obtain the Company's consent, and if consent is given by the Company, the parties to this Agreement will confer and agree to a mutually acceptable split of royalties or commissions. The Company will be given a right of first refusal, and if the Company does not exercise that right, Employee will be entitled to full benefit of any royalties earned.

14. Given the above, Plaintiff purchased the rights to the book at issue.

15. ICDP paid considerable consideration for the book rights. The Asset Purchase Agreement dictated that ICDP pay $15,440.92 for the assets and assume all liabilities of the

Institute. Wilson's employment agreement with ICDP provided her with a base salary of $100,000 plus incentive bonuses. In addition, ICDP loaned Wilson $180,000 as part of the transaction.

16. In 2006, Baradihi, in his capacity as President of IDFA, authored a book entitled *"The IDFA Divorce Survival Guide"*.

17. On December 15, 2006, Wilson filed a grievance with the Certified Financial Planner Board of Standards, Inc. against Baradihi alleging his book infringed on the copyright of Wilson's alleged book, *"Survival Manual for Women in Divorce"*.

18. The Certified Financial Planner Board of Standards, Inc. ("CFP Board") is a nonprofit professional regulatory organization formed in 1985. CFP Board administers a certification program and awards a designation entitled "Certified Financial Planner" or "CFP" to financial planners who meet their requirements.

19. Both Baradihi and Wilson are members of the CFP Board and hold the "CFP" designation.

20. The CFP Board has not taken action on Wilson's grievance given the pendency of this matter.

21. Defendant has charged Plaintiffs with infringement of her alleged copyright, and plaintiffs deny any infringement of said copyright. Therefore, there exists an actual and justiciable controversy between plaintiffs and defendant with respect to plaintiffs' purported infringement of the alleged copyright.

22. Plaintiffs have not infringed, and is not now infringing, either directly or in a contributory fashion, and has not induced others to infringe upon any intellectual property rights which may be held by defendant.

23. Unless defendant is permanently enjoined from doing so, she will continue to bring charges of infringement and acts of enforcement or suit based upon alleged copyright infringement against plaintiffs and those in privity with plaintiffs.

WHEREFORE, Plaintiffs, IDFA and Baradihi, respectfully request this Honorable Court issue a judgment against Defendant as follows:

    i. Plaintiffs have not infringed upon any of Defendant's alleged intellectual property rights;

    ii. Defendant be enjoined and restrained from all further charges of infringement and acts of enforcement or suit based on copyrights, or any other intellectual property rights, against plaintiffs, or anyone in privity with them;

    iii. For costs of suit;

    iv. For such further relief as the court may deem just and equitable.

## COUNT II – DEFAMATION

24. Plaintiffs repeat and reallege each of the foregoing allegations with the same force and effect as if fully set forth herein.

25. The accusation that Plaintiffs infringed on Defendant's alleged copyright is false.

26. Defendant published said false allegation to third parties with knowledge of the falsity of the statement or in negligent and/or reckless disregard of the truth or falsity.

27. The publication was not privileged.

28. The publication of Defendant's false allegation has resulted in damage to Plaintiffs' reputation in the community and economic loss, including but not limited to, the following:

   a. lost sales and a general decline in Plaintiffs' business;

   b. reduction of marketability of Plaintiffs' book;

   c. loss of character and reputation;

   d. emotional distress;

   e. humiliation, mortification, and embarrassment;

   f. attorney fees; and

   g. other damages that may arise during the course of discovery and the course of this trial.

29. Defendant's false allegation is defamation per se as it has held plaintiffs up to hatred, scorn, contempt and/or ridicule; was made with malicious intent by Defendant; and/or is damaging, false and libelous to plaintiffs' business.

30. Plaintiffs are further entitled to exemplary damages because Defendant has been notified of the falsity of her statement, has had ample time to retract the statement before plaintiffs filed suit, and/or has maliciously amplified the injury to plaintiffs' feelings.

WHEREFORE, Plaintiffs, IDFA and Baradihi, respectfully request this Honorable Court issue a judgment against Defendant in whatever amount they are entitled to, plus interest, costs, attorneys' fees, and exemplary damages, and all other equitable remedies as the Court deems just.

**PLAINTIFFS HEREBY REQUEST TRIAL BY JURY IN THIS MATTER.**

Respectfully Submitted,

**SHEA LAW FIRM, PLLC**

By: _____
DAVID J. SHEA (P41399)
ANDREW J. THOMAS (P67948)
Attorney for Plaintiff
24901 Northwestern Hwy., Suite 715
Southfield, MI 48075
(248) 354-0224

(Rev. 11/04)

# CIVIL COVER SHEET

County in which this action arose _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
IDFA, LLC f/k/a ICDP, LLC, a Michigan Limited Liability Company and Fadi K. Baradihi

(b) County of Residence of First Listed Plaintiff: Oakland County, Michigan
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
David J. Shea (P41399)    (248) 354-0224
24901 Northwestern Hwy., Ste. 715 Southfield, MI 48075

## DEFENDANTS

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☒ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

- ☐ 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Access to Justice
- ☐ 950 Constitutionality of State Statutes

Case: 2:07-cv-11622
Assigned To: Taylor, Anna Diggs
Referral Judge: Morgan, Virginia M
Filed: 04-10-2007 At 02:34 PM
CMP IDFA VS WILSON (LE)

## V. ORIGIN (Select One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28USC 1332
Brief description of cause: Copyright Infringment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE: 4-10-07    SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☒ Yes ☐ No

   If yes, give the following information:

   Court: United States District Court, Eastern District of Michigan, Southern Division

   Case No.: 02-72274

   Judge: Gerald E. Rosen

   Notes: Carol Ann Wilson, et. al vs. ICDP, LLC et. al